IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3268-FL

| | | |
|---|---|---|
| ELIJAH SHANE CLARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FRANK PERRY, GEORGE SOLOMON, DAVID GUICE, JERLINE BENNETT, MELANIE SHELTON, DR. SAMI HASSAN, DR. JOSEPH UMESI, D. KRIBY, WANDA CARLISLE, MS. McCOY, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court upon plaintiff's motion to amend his complaint (DE 31) and defendant Dr. Joseph Umesi's motion for summary judgment (DE 43). The motions have been fully briefed and thus the issues are ripe for decision.

## STATEMENT OF THE CASE

On October 12, 2016, plaintiff, a former state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794. Before frivolity review, plaintiff filed numerous motions requesting copies or the return of his original documents. Plaintiff also sought leave to amend his complaint and requested the entry of a temporary restraining order ("TRO"). Plaintiff's proposed amended complaint sought to add additional requests for injunctive relief to his prayer for relief.

On August 25, 2017, the court: (1) allowed plaintiff's requests for copies; (2) allowed his

motion to amend; (3) denied his motion for a TRO; and (4) allowed plaintiff to proceed with his claims. Plaintiff again sought leave to amend his complaint on November 15, 2017. In his second motion to amend, plaintiff describes an incident that occurred after the filing of his complaint.

On January 29, 2018, Umesi answered plaintiff's complaint and also filed a motion for summary judgment, arguing that plaintiff's claims are unexhausted. In the alternative, Umesi argues that plaintiff's claims against him should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this motion, Umesi filed a statement of material facts and appendix, which included the personal affidavit of Jodi Harrison, the Acting Executive Director of the North Carolina Inmate Grievance Resolution Board. Plaintiff responded to defendants' motions by filing a memorandum in opposition. Umesi replied and plaintiff filed a sur-reply.

On April 16, 2018, defendant Sami Hassan filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. Despite receiving an extension of time to do so, plaintiff did not respond to that motion.

## STATEMENT OF THE FACTS

Where defendant Umesi seeks summary judgment, the court recounts the facts in the light most favorable to plaintiff, drawing all reasonable inferences in his favor. At the time plaintiff filed his complaint, he was incarcerated at Harnett Correctional Institution ("Harnett"). (Compl. (DE 1) at 1). He has since been released from custody. (DE 64); see also https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1161507&searchLastName=Clary&searchFirstName=Elijah&searchMiddleName=S&listurl=pagelistoffendersearchresults&listpage=1 (last visited September 25, 2018).

Plaintiff alleges that, beginning on August 12, 2016, defendants failed to accommodate his disabilities. Specifically, plaintiff notes that he: (1) has a partially amputated left foot; (2)

2

underwent a rotator cuff surgery; (3) underwent neck surgery; (4) suffers from chronic pain and migraines; (5) is bipolar; (6) is transgendered; and (7) suffers from paruresis (shy bladder syndrome). (Compl. (DE 1) at 5-6, 12-13). Defendants refused to accommodate these conditions. (Id. at 4-5,7-8). As a result, he was denied access to a carpentry class. (Compl. (DE 1) at 1, 12, 16). The rambling nature of plaintiff's complaint makes discerning the precise nature of this denial of access difficult. However, the crux of his claim is that defendants refused to provide him with orthotic shoes, which renders him unable to attend the carpentry class. (Id. at 16). Plaintiff states he has been fitted for orthotic shoes, but has not yet received them. (Id.). Finally, plaintiff did not fully exhaust any administrative grievance between August 1, 2016 and the filing of the instant complaint. (Harrison Aff. (DE 45-1) ¶ 5); see also (Compl. (DE 1) at 14); Pl. Resp. (DE 49) at 5-6).

## DISCUSSION

A.  Motion to Amend

Plaintiff requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a)(2). Leave to amend must be freely given when justice so requires, and will be denied only when amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Plaintiff's proposed amendments are futile. Plaintiff initiated this action on October 12, 2016. He seeks to amend his complaint to include an incident that occurred on October 17, 2017. Therefore, he could not have exhausted his proposed amended claim prior to filing suit. For the reasons discussed below, plaintiff's failure to exhaust dooms his proposed amendments . See, e.g., 42 U.S.C. § 1997e(a); Hayes v. Stanley, 204 F. App'x. 304, 304 n. 1 (4th Cir. 2006) (per curiam) (holding that failure to exhaust administrative remedies may not be cured by amendment of the

3

complaint). Accordingly, plaintiff's motion to amend is DENIED.

B.  Motion for Summary Judgment

1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2.  Analysis

Umesi raises the affirmative defense that plaintiff failed to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford,

548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The North Carolina Department of Public Safety ("DPS") has a three-step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DPS's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DPS ARP § .0301(a). If informal resolution is unsuccessful, the DPS ARP provides that any inmate in DPS custody may submit a written grievance on Form DC-410. Id. § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the Inmate Grievance Examiner or a modification by the Secretary of Correction shall constitute the final step of the ARP. Id. § .0310(c)(6). An inmate's administrative remedy request may be rejected at any level of the process if the request fails to meet any requirement set forth in § .0306(a),(b). "The inmate who submits the grievance will be notified of acceptance or rejection in writing upon the appropriate form, within three days after submission of the grievance." § .0307(b). The summary judgment record indicates, and plaintiff essentially concedes, that he did not exhaust his administrative remedies with regard to his present claims. (Harrison Aff. (DE 45-1) ¶ 5); see also

5

(Compl. (DE 1) at 14); Pl. Resp. (DE 49) at 5-6).

To rebut his failure to exhaust plaintiff first argues that he is not required to exhaust an ADA claim. See (Compl. (DE 1) at 14); Pl. Resp. (DE 49) at 5-6). On the contrary, however, an ADA claim, like all federal prisoner conditions claims asserted by inmates, must be exhausted before it can brought to federal court. See 42 U.S.C. § 1997e(a); see also O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060–61 (9th Cir. 2007) (holding that the PLRA requires exhaustion of administrative remedies before an action may be brought under any federal law, including the ADA and Rehabilitation Act); Corpening v. Hargrave, No. 5:14-CV-122-FDW, 2015 WL 3832551, at *4 (W.D.N.C. June 22, 2015).

Next plaintiffs argues: "Defendants say that I was required to exhaust my administrative remedies as required . . . They might be right, but I have no way of knowing." (Pl. Resp. (DE 49) at 3-4). Although his response is not a model of clarity, plaintiff apparently implies that the court should waive the exhaustion requirement because it is too onerous for pro se litigants. (Id. at 1). The court liberally construes this argument as challenging the availability of plaintiff's administrative remedies. In Ross, the Supreme Court emphasized the PLRA's "mandatory language" concerning exhaustion. Ross, 136 S. Ct. at 1856–57 (stating that "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion"). Nevertheless, the Court identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Id. at 1859. First, an administrative remedy may be unavailable when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. Second, a remedy might be "so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it" or "make sense of what it demands." Id. (citations omitted).

Third, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860; see Hill v. Haynes, 380 F. App'x 268, 270 (4th Cir. 2010) (per curiam) (unpublished). Plaintiff's bald assertion that all pro se litigants should be excused from the exhaustion requirement does not satisfy Ross. Moreover, plaintiff concedes in other situations he was able to exhaust his administrative remedies. (Pl. Resp. (DE 49) at 9). Accordingly, plaintiff has not established that administrative remedies were unavailable to him.

Finally, plaintiff challenges the accuracy of Harrison's affidavit stating he did not file any grievances during the relevant time period.[1] Plaintiff has not submitted any evidence to demonstrate the inaccuracy Harrison's affidavit, other than his own conclusory statements. Plaintiff has not submitted any grievance demonstrating exhaustion. Rather, in an apparent attempt to rebut Harrison's affidavit, plaintiff lists a series of grievances he exhausted after filing suit. (Id.). As noted above, grievances submitted after plaintiff filed suit cannot satisfy the exhaustion requirement. Hayes, 204 F. App'x. at 304 n. 1.

In sum, because plaintiff did not exhaust his available administrative remedies, his claims against all defendants must be dismissed.[2]

C.       Renewed Frivolity Review

Plaintiff's claims survived frivolity review. Section 1915(e)(2) provides that the court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." Id. (emphasis added); see also De'Lonta v. Angelone, 330 F.3d 630,

---

[1] Confusingly, plaintiff essentially concedes he did not exhaust his remedies, yet also challenges the veracity of Harrison's affidavit.

[2] Although the court currently addresses only Umesi's motion for summary judgment, every defendant has raised failure to exhaust as an affirmative defense. (See (DE 42, 60).

633 (4th Cir. 2003). Because a complaint can be reviewed for frivolity at any time, the court revisits its initial review. For the reasons discussed below, even if plaintiff had exhausted his administrative remedies, the court would now alternatively dismiss for failure to state a claim on which relief may be granted.

Plaintiff filed the instant action ("Clary II") on October 12, 2016. He filed another, very similar, action on October 4, 2016. United States v. Umesi, Case No. 5:16-CT-3259-BO ("Clary I"). The court in Clary I found that plaintiff's complaint did not satisfy notice pleading and directed plaintiff to particularize his claims. (Clary I (DE 24)). Plaintiff particularized his claims in Clary I on December 7, 2017, after frivolity review in Clary II. (Id. (DE 29)). Thereafter, the Clary II court issued a detailed order, dismissing some claims as frivolous and allowing plaintiff to proceed on others. (Id. (DE 32)). Plaintiff's surviving claims in Clary II include an allegation that prison officials at Harnett violated the ADA by denying plaintiff access to carpentry classes and other programs in 2016. (See Clary I (DE 32) at 2, 4, 9-10). The disabilities that Harnett prison officials allegedly failed to accommodate are the same in Clary I and Clary II.

"Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." Cottle v. Bell, 229 F.3d 1142, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) (unpublished table opinion) (citations omitted); see I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases); Richardson v. Thompson, No. 4:04–1256–27, 2004 WL 3316381, *3–4 (D.S.C. Oct. 7, 2004), aff'd 124 F. App'x 795 (4th Cir. Mar. 30, 2005). Moreover, the doctrine of *res judicata* would preclude this court from reaching a different legal decision from Clary I. Allen v. McCurry, 449 U.S. 90, 94 (1980). Accordingly, plaintiff's claims are alternatively

DISMISSED as duplicative.[3]

In addition, as noted above, plaintiff is no longer incarcerated. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) (citing Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007); Taylor v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986)). To the extent plaintiff still seeks monetary damages, neither the ADA nor the Rehabilitation Act authorizes suits for monetary damages against defendants in their individual capacity, nor do these statutes authorize punitive damages. Moneyhan v. Keller, 563 F. App'x 256, 258 (4th Cir. 2014). To state a claim for compensatory damages under the ADA, plaintiff must allege facts permitting an inference of intentional discrimination or deliberate indifference. See Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 548 (1999); see, e.g., Taylor v. Leggett, No. CV PX 16-115, 2017 WL 1001281, at *6 (D. Md. Mar. 15, 2017). Plaintiff's rambling allegations do not meet this standard. This provides another alternative basis for dismissing plaintiff's claims.

Finally, plaintiff failed to respond to a pending motion to dismiss, despite receiving an extension of time to do so. Therefore, the court could alternatively dismiss plaintiff's claim for failure to prosecute.

**CONCLUSION**

Based on the foregoing, plaintiff's motion to amend (DE 31) is DENIED and defendant Umesi's motion for summary judgment (DE 43) is GRANTED. Plaintiff's claims against all defendants are dismissed due to plaintiff's failure to exhaust his administrative remedies.

---

[3] Dispositive motions have not been filed in Clary I, and that court has not squarely addressed exhaustion. Moreover, plaintiff's surviving claims in Clary I cover a wider period of time than the one addressed in Harrison's affidavit.

9

Alternatively, his claims are dismissed as: (1) duplicative and moot; (2) for failure to state a claim; and (3) in light of plaintiff's failure to prosecute. In this posture, Hassan's motion to dismiss (DE 60) is DENIED as moot. The clerk is DIRECTED to close the case.

SO ORDERED, this the 25th day of September, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge